UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NATASHA NATALIE FARIA,

Plaintiff,

v.

CHRISTINE NORBET-BEYER, *et al.*,

Defendants.

Civil Action No. 25-16288 (MAS) (RLS)

**MEMORANDUM ORDER**

This matter comes before the Court upon two motions filed by Plaintiff Natasha Natalie Faria ("Plaintiff"): (1) Motion for Default Judgment against Defendants Christine Norbet-Beyer, the New Jersey Department of Children and Family Services, Jeannette Murray, the New Jersey Child Support Enforcement Program, and the New Jersey Department of Children and Families (collectively, "Defendants") (Pl.'s Mot. for Default J., ECF No. 12); and (2) Cross Motion to Strike Defendants' Certification & Motion to Reaffirm Entry of Default (Pl.'s Cross Mot. to Strike, ECF No. 17). Defendants opposed both motions. (Defs.' Opp'n Br. to Pl.'s Mot. for Default J., ECF No. 14; Defs.' Opp'n Br. to Pl.'s Cross Mot. to Strike, ECF No. 23.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court denies Plaintiff's Motions.

As a threshold matter, an entry of default by the Clerk is a prerequisite to a default judgment. *See* Fed. R. Civ. P. 55(a); *Bush v. Brenner Car Credit, LLC*, No. 25-1224, 2026 WL 116171, at *1 (M.D. Pa. Jan. 15, 2026); *Kaetz v. United States*, No. 22-1003, 2022 WL 14844131, at *4 (D.N.J. Oct. 25, 2022). Here, while Plaintiff requested a Clerk's Entry of Default (Req. for Clerk's Entry of Default, ECF No. 11), and the Clerk entered Default on November 6, 2025

(Clerk's Entry of Default, Nov. 6, 2025), the next day the Clerk issued two quality control messages indicating that: (1) "the Clerk's ENTRY OF DEFAULT filed by the Clerk's office on 11/6/2025 was docketed in error. Please disregard[]"; and (2) the Request for Default submitted by [Plaintiff] on 11/6/2025 cannot be granted as requested because . . . Defendants were not properly served" (Clerk's Quality Control Message[s], Nov. 7, 2025). Plaintiff, thereafter, never made another request to the Clerk for an entry of default. Plaintiff's motion for default judgment is, accordingly, premature. *See Stewart v. United States*, No. 24-8215, 2025 WL 2108862, at *1 (D.N.J. July 25, 2025) (finding that motion for default judgment was premature where the petitioner failed to request entry of default prior to filing motions for default judgment). Default judgment, moreover, is a disfavored remedy because it does not resolve a plaintiff's claims on the merits. *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984)).

Further, to the extent that Plaintiff seeks to strike Defendants' certifications, that request is denied because motions to strike are limited to pleadings. *See Smith v. Davidov*, No. 22-4998, 2024 WL 4696810, at *3 (D.N.J. Nov. 6, 2024) (denying plaintiff's motion to strike interrogatory responses because "motions to strike apply to pleadings"). Accordingly,

**IT IS**, on this 4th day of June 2026, **ORDERED** as follows:

1.      Plaintiff's Motion for Default Judgment (ECF No. 12) is **DENIED**.

2.    Plaintiff's Cross Motion to Strike Defendants' Certification & Motion to Reaffirm

Entry of Default (ECF No. 17) is **DENIED**.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3