NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NATASHA NATALIE FARIA,

              Plaintiff,

         v.

CHRISTINE NORBET-BEYER, *et al.*,

              Defendants.

Civil Action No. 25-16288 (MAS) (RLS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

      This matter comes before the Court upon Defendants New Jersey Department of Children and Family Services ("DCF"), and DCF Commissioner Christine Norbert-Beyer's ("Beyer" and collectively with DCF, "Defendants"), Cross-Motion seeking to: (1) vacate entry of default; (2) extend the time to answer, move, or otherwise respond to the Complaint ("Extend Time"); and (3) dismiss (ECF No. 14) Plaintiff Natasha Natalie Faria's ("Plaintiff") Amended Complaint (ECF No. 6). Plaintiff opposed. (ECF No. 17.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendants' Cross-Motion and dismisses Plaintiff's Amended Complaint as to Defendants.[1]

---

[1] As discussed in this Court's previous Memorandum Order denying Plaintiff's Motion for Default Judgment, there was never a proper entry of default in this case. (Mem. Or., ECF No. 34.) The Court, accordingly, does not reach Defendants' arguments regarding vacating entry of default. Moreover, because the Court dismisses Plaintiff's Amended Complaint it does not reach Defendants' request for an extension of time.

Furthermore, the Court will address Defendants Jeannette Murray and the New Jersey Administrative Office of the Courts, Probation Services Division, Child Support Enforcement Program's Motion to Dismiss (ECF No. 26) in a subsequent decision.

## I.    BACKGROUND[2]

### A.    Factual Background

Plaintiff alleges that she "is the holder of a valid Service Mark and Trademark, duly registered with the New York Department of State and protected under the Lanham Act." (Am. Compl. § 4 ¶ 1, ECF No. 6.) "Plaintiff also holds a Copyright Certificate protecting her original name and identity from unauthorized commercial use." (*Id.* ¶ 2.) "Between July 17, 2024 and September 22, 2024, Plaintiff issued a series of lawful notices to . . . Defendants, including": (1) a notice of counter-offer, counter-demand of debt settlement; (2) affidavit for counter-offer, counter-demand, and settlement; (3) surety bond; (4) notice and demand; (5) affidavit of claim and fee schedule; (6) notice of fault and opportunity to cure; (7) affidavit of default, certificate of non-response; and (8) notice of default in dishonor and consent judgment. (*Id.* ¶ 3.) Defendants, however, "failed to respond or rebut any notice" so Plaintiff alleges that Defendants "admit[ted] default and consent to judgment." (*Id.* ¶ 6.) "Defendants continued unlawful enforcement actions under Title IV-D of the Social Security Act ('Title IV-D'), including issuing payment coupons and correspondence in violation of Plaintiff's rights and trademarks." (*Id.* ¶ 7.) Plaintiff attached to her Amended Complaint a "UCC-1 Financing Statement" which "identif[ied] her secured interest in her property and intellectual identity[.]" (*Id.* ¶ 8.) Plaintiff alleges that the "ongoing enforcement actions and misuse of Plaintiff's name caused severe emotional distress, including loss of travel rights when Plaintiff's passport was unlawfully seized preventing her from attending her father's funeral in Trinidad in May 2025." (*Id.* ¶ 9.)

---

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

**B.      Procedural Background**

Plaintiff initiated this action on October 6, 2025. (*See generally* Compl., ECF No. 1.) Plaintiff thereafter filed the operative Amended Complaint on October 9, 2025, alleging six causes of action: (1) deprivation of rights under color of law in violation of 42 U.S.C. § 1983 and 18 U.S.C. § 242 ("Count One"); (2) trademark and service mark infringement in violation of 15 U.S.C. §§ 1114, 1125 (the "Lanham Act") ("Count Two"); (3) fraudulent child support enforcement in violation of Title IV-D and 18 U.S.C. § 242 ("Count Three"); (4) denial of due process and equal protection in violation of the Fourteenth Amendment ("Count Four"); (5) emotional distress and negligent infliction of harm ("Count Five"); and (6) default judgment recognition ("Count Six"). (*See generally* Am. Compl.)

Plaintiff then filed a Motion for Default Judgment. (Pl.'s Mot. for Default J., ECF No. 12.) Defendants opposed Plaintiff's Motion for Default Judgment and filed the instant Cross-Motion. (Defs.' Opp'n Br. to Plaintiff's Motion for Default J. and Cross-Mot. ("Defs.' Moving Br."), ECF No. 14.) Plaintiff replied with a consolidated opposition to Defendants' Cross-Motion, and her own Cross-Motion to Strike Defendants' Certification. (Pl.'s Opp'n Br. and Cross-Mot. to Strike ("Pl.'s Opp'n Br."), ECF No. 17.) The Court denied Plaintiff's Motion for Default Judgment and Cross-Motion to Strike in its June 4, 2026, Memorandum Order (Mem. Order, ECF No. 34) and now addresses Defendants' Cross-Motion here.

3

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure[3] 12(b)(1), a defendant may move to dismiss a matter for want of standing "because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (citations omitted). As such, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). District courts considering a facial challenge, then, must construe the allegations in the complaint as true and determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). "Thus, '[t]o survive a motion to dismiss [for lack of standing], a complaint must contain sufficient factual matter' that would establish standing if accepted as true." *In re Horizon*

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A complaint filed by a pro se litigant, however, is to be liberally construed and regardless of whether it is inartfully pleaded, the complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  DISCUSSION

The Court now turns to Defendants' arguments in favor of dismissal. Defendants make five arguments in support of dismissing Plaintiff's Amended Complaint: (1) DCF is immune from suit pursuant to the Eleventh Amendment and DCF is not a "person" subject to suit under Section 1983; (2) Plaintiff fails to plead facts sufficient to show that Beyer had any personal involvement in any alleged wrongdoing; (3) *Younger* abstention bars Plaintiff's attempts to halt or invalidate ongoing state child-support enforcement proceedings; (4) Plaintiff's state-law tort claims should be dismissed pursuant to Rule 12(b)(1) for failure to file a notice of claim in accordance with the New Jersey Tort Claims Act ("NJTCA"); and (5) Plaintiff's trademark and service mark infringement count fails to state a claim. (Defs.' Moving Br. 20-36.) The Court addresses each of Defendants' arguments in turn.

### A.  Plaintiff fails to plead facts sufficient to show that Beyer had any personal involvement in any alleged wrongdoing

Defendants argue that Plaintiff has failed to allege sufficient facts to show Beyer's personal involvement in any alleged wrongdoing. (Defs.' Moving Br. 23-26.) To state a claim against a state actor in their individual capacity under Section 1983, a plaintiff must adequately allege that the state actor had "personal involvement in the alleged wrongs." *Mitchell v. Moore*, No. 25-6521, 2026 WL 1031008, at *2 (E.D. Pa. Apr. 16, 2026) (citation omitted). A plaintiff "can show a state

actor's personal involvement by alleging [that] the state actor 'personally directed' the wrong or had 'actual knowledge' of the wrong and 'acquiesced' in it." *Id.* (citation modified) (citation omitted). "[S]uch allegations[, however,] must be made with appropriate particularity." *Jones v. Martinez*, No. 23-13, 2024 WL 7010392, at *5 n.12 (D.V.I. Feb. 13, 2024) (citation modified) (citation omitted), *R. & R. adopted*, No. 23-13, WL 674635, at *1 (D.V.I. Mar. 10, 2026).

Here, construing the Amended Complaint liberally in favor of pro se Plaintiff, the Amended Complaint does not allege one single fact about Beyer's personal involvement, nor does it mention Beyer in the factual background section at all. (*See generally* Am. Coml.); *see also Mala*, 704 F.3d at 245 (explaining that pro se litigants "still must allege sufficient facts in their complaints to support a claim"). The Amended Complaint, moreover, contains six counts against "Defendants" generally which fails to put the individual defendants on notice of the claims asserted against them. Such a "group pleading" violates Rule 8 "because it does not place [d]efendants on notice of the claims against each of them." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386-87 (D.N.J. 2019) (citation omitted); *JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*, No. 21-19943, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023) ("Courts in this district routinely dismiss complaints when the complaints contain improper 'group pleading.'"). Plaintiff has, accordingly, failed to state a claim as to any count against Beyer, and the Court dismisses the Amended Complaint in its entirety as to Beyer.

**B.     DCF is immune from suit pursuant to the Eleventh Amendment—Counts One, Three,[4] and Four**

Defendants argue that DCF has sovereign immunity and is therefore immune from suit. (*Id.* at 20-23.) While Plaintiff argues in opposition that she "did not sue DCF as an agency" and only sued state officials in their official capacities, (Pl.'s Opp'n Br. *39[5]), the caption of Plaintiff's Amended Complaint specifically names DCF as a defendant (*see* Am. Compl.). Section 1983 operates as the procedural vehicle by which a plaintiff may bring a claim for violation of constitutional rights in federal court. *See* 42 U.S.C. § 1983. "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eleventh Amendment, however, provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The United States Supreme Court has unequivocally held the Amendment to mean that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment[,] . . . regardless of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

---

[4] Plaintiff alleges claims of deprivation of rights pursuant to 18 U.S.C. § 242 in Counts One and Three. 18 U.S.C. § 242, however, does not provide a private cause of action. *Oliver v. Erie County*, No. 21-162, 2022 WL 4610579, at *4 (W.D. Pa. Sep. 30, 2022) ("There is no private cause of action under 18 U.S.C. § 242."). The Court therefore construes Counts One and Three to be civil rights claims brought under 42 U.S.C. § 1983. *Id.*

[5] Page numbers preceded by an asterisk reflect the number atop the ECF header.

DCF, moreover, is an arm of the State and therefore not a "person" amenable to suit under Section 1983. *See Brightwell v. N.J. Dep't of Child. & Fams.*, No. 22-3016, 2023 WL 7986422, at *8 (D.N.J. Nov. 17, 2023) (explaining that "DCF is not a person subject to suit under Section 1983" (citation modified) (quoting *Gonzalez v. N.J. Dep't of Children & Fams.*, 545 F. Supp. 3d 178, 201 (D.N.J. 2021)); *Williams v. Lenape Bd. of Educ.*, No. 17-7482, 2018 WL 916364, at *4 (D.N.J. Feb. 16, 2018) (explaining that "State agencies and officials acting within their official capacities are not 'persons' amenable to suit under § 1983" and dismissing plaintiff's complaint because there was nothing to suggest that defendants had acted outside of their official capacities (citation omitted)).

The Eleventh Amendment therefore bars this suit against DCF for both money damages and for injunctive relief. *See, e.g., Britt v. Banks*, No. 19-270, 2019 WL 5078731, at *2 (D.N.J. Oct. 10, 2019) (granting motion to dismiss in favor of DCF because it was immune from suit pursuant to the Eleventh Amendment); *see also Craven v. Leach*, No. 14-1860, 2015 WL 12698442, at *4 (D.N.J. Oct. 1, 2015) (collecting cases and explaining that "Courts in this district have firmly established that DCF is an arm of the state, and therefore entitled to sovereign immunity"), *aff'd*, 647 F. App'x 72 (3d Cir. 2016); *Greenaway v. Bureau of Hearings & Appeals*, No. 25-2202, 2026 WL 622884, at *4 (E.D. Pa. Mar. 4, 2026) (explaining that "Eleventh Amendment sovereign immunity applies regardless of the relief a plaintiff seeks").

The Court therefore dismisses Counts One, Three, and Four against DCF.

**C.      Plaintiff's trademark and service mark infringement count fails to state a claim and must be dismissed under Rule 12(b)(6)—Count Two**

Defendants argue that Plaintiff's Trademark and Service Mark claim fails because she has not plausibly alleged any of the elements required to state a claim. (Defs.' Moving Br. 33-36.) Plaintiff argues in opposition that she sufficiently pleads a claim because Defendants: (1) printed

her "name on payment coupons—which are negotiable instruments"; (2) "[u]sed her name in interstate electronic payment and enforcement systems"; (3) "[p]rocessed collection documents bearing her mark"; and (4) "[t]ransmitted those documents to third-party databases, courts, and federal programs." (Pl.'s Opp'n Br. *65.) Plaintiff alleges that "Defendants willfully used Plaintiff's registered mark and name without authorization in connection with commercial and administrative documents, including but not limited to payment coupons, letters, and court filings, causing confusion and unauthorized commercial gain" in violation of 15 U.S.C. §§ 1114, 1125. (Am. Compl. Count Two.)

To state a claim for "either form of Lanham Act violation, a plaintiff must [adequately allege] that[:] (1) [she] has a valid and legally protectable mark; (2) [she] owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *Panda Rest. Grp., Inc. v. Panda Chinese & Japanese Rest., LLC*, No. 12-11718, 2018 WL 5294568, at *2 (D.N.J. Oct. 25, 2018) (quoting *A & H Swimwear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000)). A likelihood of confusion is found "when the consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 862 (3d Cir. 1992) (citation omitted). Moreover, both statutes "require that the accused marks be used 'in commerce.'" *New Balance Athletics, Inc. v. USA New Bunren Int'l Co. Ltd. LLC*, No. 17-1700, 2020 WL 5593928, at *1 (D. Del. Sep. 18, 2020) (citing 15 U.S.C. §§ 1114(1)(a), 1125(a), (c)); *see also Better Pa., Inc. v. Pa. Mfrs.' Ass'n*, 800 F. Supp. 3d 613, 620 (W.D. Pa. 2025) (collecting cases and explaining that "[d]istrict courts within the Third Circuit have concluded that an action under the Lanham Act requires a commercial element").

Here, Plaintiff fails to state a claim because Plaintiff has not alleged: (1) that Defendants engaged in any commercial activity, offered any goods or services, or used Plaintiff's alleged mark "in commerce" as required by the statute; (2) that Defendants' use of the mark to identify goods or services caused a likelihood of confusion; or (3) any connection between Defendants and the sale of goods or services. (*See generally* Am. Compl.); *see* 15 U.S.C. §§ 1114(1)(a), 1125(a); *see Panda Rest. Grp.*, 2018 WL 5294568, at *2. Plaintiff merely asserts that Defendants placed her name or mark on "payment coupons, letters, and court filings, causing confusion and unauthorized commercial gain." (Compl. Count Two.) This mention of "unauthorized commercial gain" is conclusory and threadbare. The factual allegations in Plaintiff's Amended Complaint allege only that she holds a valid Service Mark, Trademark, and Copyright Certificate "protecting her original name and identity" and that Defendants continued to "issu[e] payment coupons and correspondence in violation of Plaintiff's rights and trademarks." (Am. Compl. § 4 Background ¶¶ 1-2, 7); *see Family of Dizard Est. v. Diosado Arroyo*, No. 24-1705, 2024 WL 7055227, at *1 (M.D. Pa. Oct. 8, 2024) (dismissing plaintiff's Lanham Act claim that was premised on her alleged trademark in her own name for failure to state a claim where plaintiff failed to allege that defendants used "her name in commerce[,] . . . to sell or advertise any goods, [or] . . . that any such use would be likely to cause confusion" and noting that it would be "unreasonable to infer" that the use of her name was "likely to confuse consumers about the source of some good or service"); *Patrick Collins, Inc. v. Does 1-26*, 843 F. Supp. 2d 565, 570 (E.D. Pa. 2011) (denying plaintiff's motion for leave to serve third party subpoenas and explaining that plaintiff's complaint "lack[ed] any specific factual allegations that" the defendants "ha[d] used [p]laintiff's trademarks 'in commerce'" and such statements were conclusory and threadbare and would not survive a motion to dismiss).

The Court therefore dismisses Count Two.

**D.    Plaintiff failed to file a notice of claim in accordance with the NJTCA—Count Five**

Defendants argue that Count Five of Plaintiff's Amended Complaint should be dismissed for lack of jurisdiction because Plaintiff "failed [to] adhere to the notice requirements of the" NJTCA, N.J. Stat. Ann. § 59:1-1 to 12-3. (Defs.' Moving Br. 29-33.) Plaintiff argues in opposition that she did not assert a state law tort claim. (Pl.'s Opp'n Br. *57.) She contends that she alleged Count Five—which is titled "emotional distress and negligent infliction of harm"—as a damages remedy and not as an independent state law tort claim. (*Id.*) To the extent that Count Five is only pled as a damages remedy, given the fact that the Court has dismissed all of Plaintiff's substantive claims, it will dismiss Plaintiff's claim for damages as well. *See, e.g.*, *Bellak v. Wells Fargo & Co.*, No. 453814, 2017 WL 6496563, at *6 (D.N.J. Dec. 19, 2017) (explaining that "damages are a remedy and not a valid, independent cause of action" (citation modified) (citation omitted)); *Cifuentes v. Jemail*, No. 20-2874, 2021 WL 1163722, at *5 (E.D. Pa. Mar. 25, 2021) (dismissing plaintiff's claim for punitive damages where "all of [p]laintiff's substantive claims ha[d] been dismissed").[6]

---

[6] To the extent Plaintiff, who is proceeding pro se, intended to assert a negligent infliction of emotional distress claim, such a claim fails because Plaintiff did not file a notice of claim within the period required by the NJTCA. *See* N.J. Stat. Ann. § 59:8-8 (providing that a plaintiff must give notice of the claim within ninety days after the cause of action has accrued); *Helms v. Miller*, No. 22-01325, 2024 WL 4972710, at *5 (D.N.J. Dec. 3, 2024) (explaining that plaintiffs who do not comply with this requirement are "forever barred" from recovering on their claims); *Cowan v. Scharfenberg*, No. 23-09446, 2025 WL 2206407, at *15 (D.N.J. Aug. 4, 2025) (dismissing plaintiff's state tort claims for failure to file notice as required by the NJTCA); *Roberts v. City of Newark*, No. 23-16144, 2025 WL 2055263, at *3 (D.N.J. July 22, 2025) (same).

Moreover, Count Six of Plaintiff's Amended Complaint seeks "Default Judgment Recognition[.]" (Am. Compl. Count Six.) As discussed above, this Court denied Plaintiff's Motion for Default Judgment in its previous Memorandum Opinion. (*See generally* Mem. Op.) Count Six is therefore dismissed.

12

## IV.    CONCLUSION

For the reasons set forth herein, Defendants' Cross-Motion is granted, and Plaintiff's

Amended Complaint is dismissed without prejudice as to DCF and Beyer. The Court will issue an

Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: JUNE 29th, 2026

13