<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATASHA NATALIE FARIA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTINE NORBET-BEYER, *et al.*, <br><br> Defendants. | Civil Action No. 25-16288 (MAS) (RLS) <br><br> **MEMORANDUM OPINION** |

<u>SHIPP, District Judge</u>

This matter comes before the Court upon Defendants New Jersey Administrative Office of the Courts, Probation Services Division, Child Support Enforcement Program ("CSEP"), and Jeannette Murray's ("Murray," and collectively with CSEP, "Defendants") Motion to Dismiss (ECF No. 26) Plaintiff Natasha Natalie Faria's ("Plaintiff") Amended Complaint (ECF No. 6). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendants' Motion to Dismiss.

## I.    <u>BACKGROUND</u>[1]

### A.    **Factual Background**

Plaintiff alleges that she "is the holder of a valid Service Mark and Trademark, duly registered with the New York Department of State and protected under the Lanham Act." (Am. Compl. § 4 ¶ 1, ECF No. 6.) "Plaintiff also holds a Copyright Certificate protecting her original

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

name and identity from unauthorized commercial use." (*Id.* ¶ 2.) "Between July 17, 2024 and September 22, 2024, Plaintiff issued a series of lawful notices to . . . Defendants, including": (1) a notice of counter-offer, counter-demand of debt settlement; (2) affidavit for counter-offer, counter-demand, and settlement; (3) surety bond; (4) notice and demand; (5) affidavit of claim and fee schedule; (6) notice of fault and opportunity to cure; (7) affidavit of default, certificate of non-response; and (8) notice of default in dishonor and consent judgment. (*Id.* ¶ 3.) Defendants, however, "failed to respond or rebut any notice" so Plaintiff alleges that Defendants "admit[ted] default and consent to judgment." (*Id.* ¶ 6.) "Defendants continued unlawful enforcement actions under Title IV-D of the Social Security Act ('Title IV-D'), including issuing payment coupons and correspondence in violation of Plaintiff's rights and trademarks." (*Id.* ¶ 7.) Plaintiff attached to her Amended Complaint a "UCC-1 Financing Statement" which "identif[ied] her secured interest in her property and intellectual identity[.]" (*Id.* ¶ 8.) Plaintiff alleges that the "ongoing enforcement actions and misuse of Plaintiff's name caused severe emotional distress, including loss of travel rights when Plaintiff's passport was unlawfully seized, preventing her from attending her father's funeral in Trinidad in May 2025." (*Id.* ¶ 9.)

### B.   Procedural Background

Plaintiff initiated this action on October 6, 2025. (*See generally* Compl., ECF No. 1.) Plaintiff thereafter filed the operative Amended Complaint on October 9, 2025, alleging six causes of action: (1) deprivation of rights under color of law in violation of 42 U.S.C. § 1983 and 18 U.S.C. § 242 ("Count One"); (2) trademark and service mark infringement in violation of 15 U.S.C. §§ 1114, 1125 (the "Lanham Act") ("Count Two"); (3) fraudulent child support enforcement in violation of Title IV-D and 18 U.S.C. § 242 ("Count Three"); (4) denial of due process and equal protection in violation of the Fourteenth Amendment ("Count Four");

2

(5) emotional distress and negligent infliction of harm ("Count Five"); and (6) default judgment recognition ("Count Six"). (*See generally* Am. Compl.)

Plaintiff then filed a Motion for Default Judgment which this Court denied. (Pl.'s Mot. for Default J., ECF No. 12; June Mem. Order, ECF No. 34.) Co-Defendants Department of Children and Family Services ("DCF") and DCF Commissioner Christine Norbert-Beyer ("Beyer") filed a Cross-Motion to Dismiss (DCF Defs.' Cross-Mot., ECF No. 14) which this Court granted (June Mem. Op., ECF No. 36; June Order, ECF No. 37). Defendants filed the instant Motion to Dismiss on January 16, 2026, moving to dismiss the claims against them in their entirety. (Defs.' Moving Br., ECF No. 26.) Plaintiff subsequently filed correspondence.[2] (Pl.'s Correspondence, ECF No. 27.) On April 12, 2026, Plaintiff filed a motion to supplement the record regarding service on Defendants (ECF No. 31), which was mooted by this Court's Memorandum Order on June 4, 2026 (ECF No. 34).

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure[3] 12(b)(1), a defendant may move to dismiss a matter for want of standing "because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted). A motion to dismiss

---

[2] Plaintiff's correspondence only addresses the procedural posture of the case and asks the Court not to reach the merits of Defendants' Motion to Dismiss based on Defendants' purported default. (*See generally* Pl.'s Correspondence.) As discussed above, the Court denied Plaintiff's Motion for Default Judgment. (June Mem. Order.) Plaintiff, moreover, filed opposition to DCF and Beyer's previously decided motion to dismiss. (*See* Pl.'s Opp'n Br., ECF No. 17.) Given Plaintiff's pro se status, the Court fully addresses the sufficiency of Plaintiff's claims below.

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

3

for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (citations omitted). As such, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). District courts considering a facial challenge, then, must construe the allegations in the complaint as true and determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). "Thus, '[t]o survive a motion to dismiss [for lack of standing], a complaint must contain sufficient factual matter' that would establish standing if accepted as true." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## B.    Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft*, 556 U.S. at 675. Second,

4

the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Fidelcor*, 926 F.2d at 1409).

## III.    DISCUSSION

The Court now turns to Defendants' arguments in favor of dismissal. Defendants make seven arguments in support of dismissing Plaintiff's Amended Complaint: (1) Defendants are immune from suit pursuant to the Eleventh Amendment because they are not "persons" subject to suit under Section 1983; (2) *Younger* abstention bars Plaintiff's attempts to halt or invalidate ongoing state child-support enforcement proceedings; (3) Plaintiff fails to plead facts sufficient to show that Murray had any personal involvement in any alleged wrongdoing; (4) Plaintiff's claims against Murray are barred by the doctrine of quasi-judicial immunity; (5) Plaintiff's state-law tort claims should be dismissed pursuant to Rule 12(b)(1) for failure to file a notice of claim in accordance with the New Jersey Tort Claims Act ("NJTCA"); (6) Plaintiff's trademark and service

5

mark infringement count fails to state a claim; and (7) Plaintiff's Title IV-D of the Social Security Act count fails to state a claim. (Defs.' Moving Br. 6-33, ECF No. 26.)

### A.   Plaintiff fails to plead facts sufficient to show that Murray had any personal involvement in any alleged wrongdoing

Defendants argue that Plaintiff has failed to allege sufficient facts to show Murray's personal involvement in any alleged wrongdoing. (Defs.' Moving Br. 18-20.) To state a Section 1983 claim against a state actor in their individual capacity, a plaintiff must adequately allege that the state actor had "personal involvement in the alleged wrongs." *Mitchell v. Moore*, No. 25-6521, 2026 WL 1031008, at *2 (E.D. Pa. Apr. 16, 2026) (citation omitted) (quotations omitted). A plaintiff "can show a state actor's personal involvement by alleging [that] the state actor 'personally directed' the wrong or had 'actual knowledge' of the wrong and 'acquiesced' in it." *Id.* (citation modified) (citation omitted). "[S]uch allegations[, however,] must be made with appropriate particularity." *Jones v. Martinez*, No. 23-13, 2024 WL 7010392, at *5 n.12 (D.V.I. Feb. 13, 2024) (citation modified) (citation omitted), *R. & R. adopted*, No. 23-13, 2026 WL 674635, at *1 (D.V.I. Mar. 10, 2026).

Here, construing the Amended Complaint liberally in favor of the pro se Plaintiff, the Amended Complaint does not allege one single fact about Murray's personal involvement, nor does it mention Murray in the factual background section at all. (*See generally* Am. Compl.); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that pro se litigants "still must allege sufficient facts in their complaints to support a claim"). The Amended Complaint contains six counts against "Defendants" generally, which fails to put the individual defendants on notice of the claims asserted against them. Such a "group pleading" violates Rule 8 "because it does not place [d]efendants on notice of the claims against each of them." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386-87 (D.N.J. 2019) (citation omitted); *JD Glob. Sales, Inc.*

6

*v. Jem D Int'l Partners, LP*, No. 21-19943, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023) ("Courts in this district routinely dismiss complaints when the complaints contain improper 'group pleading.'"). Plaintiff has, accordingly, failed to state a claim as to any count against Murray, and the Court dismisses the Amended Complaint in its entirety as to Murray.

**B.      CSEP is immune from suit pursuant to the Eleventh Amendment—Counts One, Three,[4] and Four**

Defendants argue that the Eleventh Amendment "precludes federal jurisdiction over a state absent the state's consent to suit" and this immunity "extends to 'agencies or Department[s]' of the state as well." (Defs.' Moving Br. 7.) Section 1983 operates as the procedural vehicle by which a plaintiff may bring a claim for violation of constitutional rights in federal court. *See* 42 U.S.C. § 1983. "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, U.S. 42, 48 (1988).

The Eleventh Amendment, however, provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has unequivocally held the Amendment to mean that "in the absence of consent a suit in which the State or one of its

---

[4] Plaintiff alleges claims of deprivation of rights pursuant to 18 U.S.C. § 242 in Counts One and Three. 18 U.S.C. § 242, however, does not provide a private cause of action. *Oliver v. Erie Cnty.*, No. 21-162, 2022 WL 4610579, at *4 (W.D. Pa. Sep. 30, 2022) ("There is no private cause of action under 18 U.S.C. § 242."). The Court therefore construes Counts One and Three to be civil rights claims brought under 42 U.S.C. § 1983. *Id.* Count Three also alleges violations of Title IV-D. Title IV-D, however, does not provide a private right of action under which individuals can bring suit. *See Smith v. Stack*, No. 23-9451, 2024 WL 54292, at *8 (S.D.N.Y. Jan. 2, 2024) (dismissing claims premised on Title IV-D and noting that there is no "private right of action to sue the defendants for their allegedly incorrect enforcement of Title IV-D").

agencies or departments is named as the defendant is proscribed by the Eleventh Amendment[,] . . . regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

CSEP, moreover, is an arm of the State and therefore not a "person" amenable to suit under Section 1983. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (holding that New Jersey state courts and their employees and judges are entitled to sovereign immunity because they are "arms" of the State); *Flagg v. New Jersey*, No. 17-02602, 2018 WL 4110949, at *2 (D.N.J. Aug. 29, 2018) ("[B]ecause [the New Jersey Office of Child Support Services] is an agency of the Department of Human Services, Defendant is entitled to immunity pursuant [to] the Eleventh Amendment[.]"), *aff'd sub nom., Flagg v. Off. of Child Support Servs.*, 786 F. App'x 350 (3d Cir. 2019).

The Eleventh Amendment therefore bars this suit against CSEP for both money damages and injunctive relief. *See, e.g., Thornton v. New Jersey*, No. 24-2656, 2024 WL 4441923, at *9 (D.N.J. Oct. 8, 2024) (dismissing claims against the Administrative Office of the Courts based on Eleventh Amendment immunity), *aff'd as modified*, No. 24-3084, 2026 WL 524685 (3d Cir. Feb. 25, 2026); *Flagg*, 2018 WL 4110949, at *2; *Greenaway v. Bureau of Hearings & Appeals*, No. 25-2202, 2026 WL 622884, at *4 (E.D. Pa. Mar. 4, 2026) (explaining that "Eleventh Amendment sovereign immunity applies regardless of the relief a plaintiff seeks").

The Court therefore dismisses Counts One, Three, and Four against CSEP.

C.      **Plaintiff's trademark and service mark infringement count fails to state a claim and must be dismissed under Rule 12(b)(6)—Count Two**

Defendants argue that Plaintiff's Trademark and Service Mark claim fails because she has not alleged facts sufficient to state a claim. (Defs.' Moving Br. 29-31.)

8

To state a claim for "either form of Lanham Act violation, a plaintiff must [adequately allege] that[:] (1) [she] has a valid and legally protectable mark; (2) [she] owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *Panda Rest. Grp., Inc. v. Panda Chinese & Japanese Rest., LLC*, No. 12-11718, 2018 WL 5294568, at *2 (D.N.J. Oct. 25, 2018) (quoting *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000)). A likelihood of confusion is found "when the consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 862 (3d Cir. 1992) (citation omitted). Moreover, both statutes "require that the accused marks be used 'in commerce.'" *New Balance Athletics, Inc. v. USA New Bunren Int'l Co. Ltd. LLC*, No. 17-1700, 2020 WL 5593928, at *1 (D. Del. Sep. 18, 2020) (citing 15 U.S.C. §§ 1114(1)(a), 1125(a), (c)); *see also Better Pa., Inc. v. Pa. Mfrs.' Ass'n*, 800 F. Supp. 3d 613, 620 (W.D. Pa. 2025) (collecting cases and explaining that "[d]istrict courts within the Third Circuit have concluded that an action under the Lanham Act requires a commercial element").

Here, Plaintiff fails to state a claim because Plaintiff has not alleged: (1) that Defendants engaged in any commercial activity, offered any goods or services, or used Plaintiff's alleged mark "in commerce" as required by the statute; (2) that Defendants' use of the mark to identify goods or services caused a likelihood of confusion; or (3) any connection between Defendants and the sale of goods or services. (*See generally* Am. Compl.); *see* 15 U.S.C. §§ 1114(1)(a), 1125(a); *see Panda Rest. Grp.*, 2018 WL 5294568, at *2. Plaintiff merely asserts that Defendants placed her name or mark on "payment coupons, letters, and court filings, causing confusion and unauthorized commercial gain." (Am. Compl. Count Two.) This mention of "unauthorized commercial gain" is

9

conclusory and threadbare. The factual allegations in Plaintiff's Amended Complaint allege only that she holds a valid Service Mark, Trademark, and Copyright Certificate "protecting her original name and identity" and that Defendants continued to "issu[e] payment coupons and correspondence in violation of Plaintiff's rights and trademarks." (Am. Compl. § 4 Background ¶¶ 1-2, 7); *see Fam. of Dizard Est. v. Diosado Arroyo*, No. 24-1705, 2024 WL 7055227, at *1 (M.D. Pa. Oct. 8, 2024) (dismissing plaintiff's Lanham Act claim that was premised on her alleged trademark in her own name for failure to state a claim where plaintiff failed to allege that defendants used "her name in commerce[,] . . . to sell or advertise any goods, [or] . . . that any such use would be likely to cause confusion" and noting that it would be "unreasonable to infer" that the use of her name was "likely to confuse consumers about the source of some good or service"); *Patrick Collins, Inc. v. Does 1-26*, 843 F. Supp. 2d 565, 570 (E.D. Pa. 2011) (denying plaintiff's motion for leave to serve third-party subpoenas and explaining that plaintiff's complaint "lack[ed] any specific factual allegations that" the defendants "ha[d] used [p]laintiff's trademarks 'in commerce'" and such statements were conclusory and threadbare and would not survive a motion to dismiss).

The Court therefore dismisses Count Two.

### D. Plaintiff failed to file a notice of claim in accordance with the NJTCA—Count Five

Defendants argue that Count Five of Plaintiff's Amended Complaint should be dismissed for lack of jurisdiction because Plaintiff "failed to comply with the notice provisions of the" NJTCA, N.J. Stat. Ann. §§ 59:1-1 to 12-3. (Defs.' Moving Br. 26-28.) To the extent that Count Five is only pled as a damages remedy, given the fact that the Court has dismissed all of Plaintiff's substantive claims, it will dismiss Plaintiff's claim for damages as well. *See, e.g., Bellak v. Wells Fargo & Co.*, No. 17-2757, 2017 WL 6496563, at *6 (D.N.J. Dec. 19, 2017) (explaining that

"damages are a remedy and not a valid, independent cause of action" (citation modified) (citation omitted)); *Cifuentes v. Jemail*, No. 20-2874, 2021 WL 1163722, at *5 (E.D. Pa. Mar. 25, 2021) (dismissing plaintiff's claim for punitive damages where "all of [p]laintiff's substantive claims ha[d] been dismissed").[5]

## IV.    CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss is granted. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: JULY 23rd, 2026

---

[5] To the extent Plaintiff, who is proceeding pro se, intended to assert a negligent infliction of emotional distress claim, such a claim fails because Plaintiff did not file a notice of claim within the period required by the NJTCA. *See* N.J. Stat. Ann. § 59:8-8 (providing that a plaintiff must give notice of the claim within ninety days after the cause of action has accrued); *Helms v. Miller*, No. 22-01325, 2024 WL 4972710, at *5 (D.N.J. Dec. 3, 2024) (explaining that plaintiffs who do not comply with this requirement are "forever barred" from recovering on their claims); *Cowan v. Scharfenberg*, No. 23-09446, 2025 WL 2206407, at *15 (D.N.J. Aug. 4, 2025) (dismissing plaintiff's state tort claims for failure to file notice as required by the NJTCA); *Roberts v. City of Newark*, No. 23-16144, 2025 WL 2055263, at *3 (D.N.J. July 22, 2025) (same).

Moreover, Count Six of Plaintiff's Amended Complaint seeks "Default Judgment Recognition[.]" (Am. Compl. Count Six.) As discussed above, this Court denied Plaintiff's Motion for Default Judgment in its previous Memorandum Opinion. (*See generally* June Mem. Order.) Count Six is therefore dismissed.

11